1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  BENJAMIN ANDERSON,              )   Case No. CV 10-5530-AHM (OP)
                                    )
12                  Petitioner,     )   MEMORANDUM AND ORDER RE:
                                    )   SUMMARY DISMISSAL OF
13         v.                       )   PETITION FOR WRIT OF HABEAS
                                    )   CORPUS (28 U.S.C. § 2254) AS
14                                  )   SECOND AND SUCCESSIVE
    RANDY GROUNDS, Warden,          )
15                                  )
                    Respondent.     )
16                                  )
                                    )
17  _____

18                         **I.**

19                    **INTRODUCTION**

20         On July 27, 2010, Benjamin Anderson ("Petitioner"), filed a Petition for

21  Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254

22  ("Petition"), along with Request for Judicial Notice.

23         Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

24  United States District Courts, the Court has examined the Petition and finds that

25  it plainly appears from its face that Petitioner is not entitled to relief in the

26  district court.  Specifically, the Court finds that the Petition is subject to summary

27  dismissal because it is "second and successive."  See 28 U.S.C. § 2244(b).

28

## II.

## PROCEDURAL HISTORY

On January 29, 2004, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court, case number SA050266, of one count of second degree robbery (Cal. Penal Code § 211). (Pet. at 2.) The jury found true the allegations that Petitioner had four prior "strike" convictions for serious or violent felonies (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), had served three prior prison terms (Cal. Penal Code § 667.5(b)), and had a prior serious felony conviction (Cal. Penal Code § 667(a)(1)). (CM/ECF 06-63 Dkt. No. 48 at 2.) On April 8, 2004, Petitioner was sentenced to a total state prison term of thirty years to life. (Pet. at 2.)

Petitioner appealed his conviction to the California Court of Appeal, case number B174886. On May 23, 2005, the court of appeal affirmed Petitioner's conviction in an unpublished opinion. (Pet. at 2, 3; Official Records of California Courts.[1])

Petitioner then filed a petition for review to the California Supreme Court, case number S135227. On August 10, 2005, the supreme court denied the petition. (Id. at 3; Official Records of California Courts.)

On December 2, 2005, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court. On December 16, 2005, the superior court denied the petition. (Id. at 4; CM/ECF 06-63 Dkt. No. 48 at 2.)

On January 24, 2006, Petitioner filed a habeas corpus petition in the California Court of Appeal, case number B188907. On February 22, 2006, the

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1    court of appeal denied the petition.  (Id.; Official Records of California Courts.)

2           On January 4, 2006, Petitioner filed a Petition for Writ of Habeas Corpus

3    by a Person in State custody pursuant to 28 U.S.C. § 2254 in this District, case

4    number CV 06-63-AHM (JTL).  (CM/ECF 06-63 Dkt. No. 1.)  On March 1,

5    2006, Judgment was entered denying the petition and dismissing the action

6    without prejudice.  (Id. Dkt. No. 8.)

7           On November 15, 2006, Petitioner filed a second § 2254 petition in this

8    District, case number CV 06-7291-AHM (JTL).  (CM/ECF 06-63 Dkt. No. 1.)

9    On October 19, 2007, Petitioner filed a first amended petition.  (Id. Dkt. No. 30.)

10   On March 10, 2008, Petitioner filed a second amended petition.  (Id. Dkt. No.

11   45.)

12          On May 7, 2007, Petitioner filed a habeas corpus petition in the California

13   Supreme Court, case number S152333.  On September 25, 2007, the supreme

14   court denied the petition.  (Pet. at 4, 5; Official Records of California Courts.)

15          On May 21, 2007, Petitioner filed a habeas corpus petition in the

16   California Supreme Court, case number S152810.  On September 25, 2007, the

17   supreme court denied the petition with citations to In re Clark, 5 Cal.4th 750

18   (1993), and In re Miller, 17 Cal.2d 734 (1941).  (Id. at 4, 5; Official Records of

19   California Courts.)

20          On March 23, 2009, Judgment was entered denying the second amended

21   petition, case number CV 06-7291-AHM (JTL), on the merits and dismissing the

22   action with prejudice.  (CV 06-7291 Dkt. No. 52.)

23          Petitioner filed a habeas corpus petition in the Los Angeles County

24   Superior Court.  On November 10, 2009, the superior court denied the petition.

25   (Pet. Unnumbered Exs.)

26          On December 8, 2009, Petitioner filed a habeas corpus petition in the

27   California Court of Appeal, case number B220812.  On December 17, 2009, the

28

1  court of appeal denied the petition. (Id.; Official Records of California Courts.)

2      On January 5, 2010, Petitioner filed a habeas corpus petition in the

3  California Supreme Court, case number S179244. On June 30, 2010, the

4  supreme court denied the petition with citations to In re Robbins, 18 Cal.4th 770,

5  780 (1998), and In re Clark, 5 Cal.4th 750 (1993). (Official Records of

6  California Courts.)

7      For the reasons discussed below, the Court finds that the current Petition is

8  subject to summary dismissal as "second and successive."

9                        **III.**

10                    **DISCUSSION**

11      This Court may entertain a habeas application on behalf of a person who is

12  in custody pursuant to a state court judgment and in violation of the Constitution,

13  laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need

14  neither grant the writ nor order a return if it appears from the application that the

15  applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears

16  from the face of the petition and any exhibits annexed to it that the petitioner is

17  not entitled to relief in the district court, the judge must dismiss the petition and

18  direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section

19  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also

20  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is

21  appropriate where the allegations in the petition are vague or conclusory,

22  palpably incredible, or patently frivolous or false).

23      Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides

24  in pertinent part that:

25          (b)(1) A claim presented in a second or successive habeas corpus

26          application under section 2254 that was presented in a prior

27          application shall be dismissed.

28

                        4

1    (2) A claim presented in a second or successive habeas corpus

2    application under section 2254 that was not presented in a prior

3    application shall be dismissed unless--

4        (A) the applicant shows that the claim relies on a new

5        rule of constitutional law, made retroactive to cases on

6        collateral review by the Supreme Court, that was

7        previously unavailable; or

8        (B)(i) the factual predicate for the claim could not have

9        been discovered previously through the exercise of due

10       diligence; and

11       (ii) the facts underlying the claim, if proven and viewed

12       in light of the evidence as a whole, would be sufficient

13       to establish by clear and convincing evidence that, but

14       for constitutional error, no reasonable factfinder would

15       have found the applicant guilty of the underlying

16       offense.

17   (3)(A) Before a second or successive application permitted by this

18   section is filed in the district court, the applicant shall move in the

19   appropriate court of appeals for an order authorizing the district

20   court to consider the application.

21 28 U.S.C. § 2244(b).

22       On November 15, 2006, Petitioner filed a § 2254 petition in this District,

23 case number CV 06-7291-AHM (JTL).  (CM/ECF 06-63 Dkt. No. 1.)  He

24 subsequently filed a first amended petition and a second amended petition.  (Id.

25 Dkt. Nos. 30, 45.)  In the second amended petition, Petitioner challenged the

26 same conviction he challenges in the current Petition.  The grounds raised in the

27 second amended petition were as follows: (1) Petitioner's sentence is excessive

28

1    and disproportionate to his underlying offense in violation of the Eighth

2    Amendment; (2) Petitioner's Sixth Amendment right to effective assistance of

3    trial counsel was violated by counsel's failure to assert the claim of

4    disproportionate sentencing at trial and preserve the claim for appeal; and (3)

5    Petitioner's Sixth Amendment right to effective assistance of appellate counsel

6    was violated by counsel's failure to address deficiencies that arose during

7    Petitioner's sentencing proceedings. (Id. Dkt. No. 1.) On March 23, 2009,

8    Judgment was entered denying the second amended petition on the merits and

9    dismissing the action with prejudice. (Id. Dkt. No. 52.) In the current Petition,

10    Petitioner raises the following grounds for habeas relief: (1) California's Three

11    Strikes sentencing scheme violates the Equal Protection clause of the United

12    States Constitution; (2) the state courts unreasonably rejected Petitioner's

13    Fourteenth Amendment claim; and (3) the state courts erroneously subjected

14    Petitioner to a defective procedural rule regarding timeliness of the petitions.

15    (Pet. at 5, 6.)

16        Since the grounds for habeas relief in the current Petition are different

17    from those raised in his previous § 2254 habeas petition, Petitioner must show

18    that the claims raised establish a new rule of constitutional law made retroactive

19    to cases on collateral review by the United States Supreme Court (28 U.S.C. §

20    2244(b)(2)(A)), or that he has presented a factual predicate that could not have

21    been discovered previously through the exercise of due diligence in support of a

22    claim of actual innocence (28 U.S.C. § 2244(b)(2)(A), and that he has sought an

23    order from the appropriate court of appeals authorizing the district court to

24    consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to do

25    so. Thus, the Court finds that the current Petition is subject to summary

26    dismissal as "second and successive."

27    / / /

28

1

**IV.**

2

**ORDER**

3        IT IS THEREFORE ORDERED that the Petition is hereby dismissed with

4    prejudice as second and successive, and Judgment shall be entered accordingly.[2]

5        The Deputy Clerk of the Court is directed to send Petitioner a copy of this

6    Order.

7

8    DATED: August 3, 2010

HONORABLE A. HOWARD MATZ
United States District Judge

9

10

11    Presented by:

12

13

HONORABLE OSWALD PARADA
14    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27        [2]  In light of this Court's order dismissing the Petition, the Court denies

28    Petitioner's Request for Judicial Notice as moot.